CARLOS ROSADO-ACOSTA, Plaintiff and Appellant, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appellee. BENITO LECLERC, Plaintiff and Appellant, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appellee.

Nos. 4171 and 4173. Argued November 23, 1927.—Decided January 18, 1928.

*Angel A. Vázquez* for the appellant. *F.* and *M. Acosta Velarde* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Motions to dismiss the respective appeals in the above entitled actions are based not only upon the grounds discussed and disposed of in *Roselló Bras* v. *The American Railroad Co.* and *Valentín* v. *The American Railroad Co., ante,* pages 566, 573, but also upon the proposition that an order directing the secretary of the district court to file a complaint free of charge and providing that an insolvent plaintiff shall receive gratuitously the services of all the officers of the said court and the benefits of the proceedings therein (*y las providencias de la misma*) just as if the fees were paid, does not relieve such plaintiff from the necessity of affixing revenue stamps to the notice of appeal, nor authorize the secretary to issue a certified copy of the judgment roll without placing thereon and canceling such stamps.

Section 1 and sections 2 and 7, in part, of an "Act regulating the collection of fees and costs in civil cases in

the district and municipal courts in Porto Rico, and for other purposes," approved March 11, 1915, Laws of that year page 45, read as follows:

"Section 1.—That all amounts received in the offices of the district and municipal courts in Porto Rico as fees in civil cases shall be paid in internal revenue stamps which shall be affixed by the secretaries and marshals, under their own responsibility, on the margin or at the foot of the documents registered. Said stamps shall be then canceled by writing across the face of each the word 'canceled' and the date of such cancellation.

"Section 2.—That the schedule of fees to be paid in future for services rendered by the secretaries and marshals of the above-mentioned courts, by affixing and canceling the corresponding internal revenue stamps as herein provided, shall be as follows:

"SCHEDULE OF FEES PAYABLE TO SECRETARIES.

A. For each complaint in a litigious civil action in a district court _____ $5.00

    \*        \*        \*        \*        \*        \*        \*

D. For each notice of appeal from a district to the Supreme Court_____ 5.00

    \*        \*        \*        \*        \*        \*        \*

P. For each certificate under seal_____ .25

Q. For issuing copy of any document existing in the records including certificate when required, for each folio____ .20

    \*        \*        \*        \*        \*        \*        \*

"Section 7.—Any person residing in Porto Rico who desires to commence a civil action, but is unable to make the payment of fees required by this Act, may present to the secretary an affidavit setting forth the fact of said inability, together with a copy of his proposed complaint and the secretary shall thereupon submit said affidavit and said complaint to the judge of said court, and the said judge may, if he deems the complaint sufficient in law, permit the filing of said complaint and thereafter the plaintiff shall be entitled to all of the services of all court officers, and the benefits of all writs and processes, the same as if all fees were paid. . ."

Manifestly, the affixing and canceling of stamps upon a notice of appeal and upon the certified copy of the judgment roll is as much a part of the "services rendered" by the

secretary "by affixing and canceling the corresponding revenue stamps" as is the act of affixing and canceling such stamps upon the complaint when the same is presented for filing.

To say that an insolvent plaintiff who has obtained an order permitting the filing of his complaint as such insolvent is not entitled to file a notice of appeal in the district court or to obtain a certified copy of the judgment roll, without payment of the fees prescribed by the same act which creates the exemption in question, would not be in keeping with the broad scope of the phrase "all of the services of all court officers," and would savor of judicial legislation.

The orders permitting the filing of the complaints herein follow in substance the language of the statute, and there is therefore no evidence of an intention on the part of the district judge to place any limitations upon the statutory privilege in either of these two cases. But, be this as it may, it is the filing of the complaint, upon leave of court first obtained, and not the phraseology of the order permitting the complaint to be filed, which constitutes the statutory basis of plaintiff's right "to all of the services of all court officers . . . the same as if all fees were paid."

Both motions must be denied.